IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| 8804 BEARCREEK FAMILY TRUST | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 4:11cv839 |
| BANK OF AMERICA, N.A. | § § § | |
| Defendant | § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Now before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (Dkt. 3). As set forth below, the Court finds that the motion should be GRANTED.

Plaintiff filed this action in state court on December 5, 2011 against Defendant Bank of America (*see* Dkt. 4). In its petition, although its claims are not wholly clear, Plaintiff alleges that Defendant's claim on certain real property located at 8804 Bear Creek Drive, McKinney, Texas is invalid and seeks to enjoin Defendant from selling or taking other actions regarding the Property. On December 21, 2011, Defendant removed the case to this Court.

Defendant then filed its motion to dismiss on December 22, 2011, arguing that Plaintiff's claims should be dismissed in their entirety pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Citing applicable authorities, Defendant has argued that: (1) Plaintiff is not a party to the applicable Note and Deed of Trust and therefore lacks standing to challenge any foreclosure on the Property; (2) Plaintiff is a trust and lacks the capacity to bring a suit, absent the trustee or legal representative; and (3) even if Plaintiff had standing and capacity, the theories under which Plaintiff challenges foreclosure have been consistently rejected (*see* Dkt. 3).

On March 22, 2012, this case was referred to the undersigned by consent of the parties (*see* Dkt. 10). On April 4, 2012, this Court entered an order indicating that no response had been filed to Defendant's Motion to Dismiss and that if no response were filed on or before April 11, 2012, the Court would assume Plaintiff was not opposed to the relief requested and proceed accordingly (*see* Dkt. 11). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). Plaintiff has not filed a response to the motion or otherwise amended its complaint to address the deficiencies raised by the motion.

The Court has reviewed Defendant's motion and finds that it raises meritorious grounds for dismissal. Specifically, Defendant argues that Plaintiff lacks capacity and standing to bring its claims because it is a trust and was not a party to the Note or Deed of Trust at issue. Having reviewed the record before it, the Court agrees.

Primarily, a trust is not considered a legal entity with capacity to sue. *In re Bradley*, 501 F.3d 421, 433 (5th Cir. 2007); *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006). An action must be brought by the real party in interest. FED. R. CIV. P. 17.

Moreover, there is nothing that would indicate that even if suit were brought by the trustee, it would have standing here. In determining standing, the court must undertake a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1867, 164 L. Ed.2d 589 (2006) (quoting *Allen v. Wright,* 468 U.S. 737, 752, 104 S. Ct. 3315, 82 L. Ed.2d 556 (1984)). The question of standing involves the determination of whether a particular litigant is entitled to invoke the jurisdiction of the federal court in order to decide the merits of a

dispute or of particular issues. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S. Ct. 2301, 2308, 159 L. Ed.2d (2004). A party has standing if: (1) he has suffered a "concrete and particularized" injury that is actual or imminent rather than conjectural or hypothetical; (2) there is a causal relationship between the injury and the challenged conduct; and (3) it is likely and not merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed.2d 351 (1992); *Westfall v. Miller,* 77 F.3d 868, 871 (5th Cir. 1996).

In order for Plaintiff to establish standing sufficient to overcome a motion to dismiss, Plaintiff "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1149, 173 L. Ed. 2d (2009). Plaintiff has not done so here, and the Court cannot discern from Plaintiff's pleadings how it has standing in light of Defendant's arguments. Plaintiff has the burden of proof and persuasion as to the existence of standing as to its claims. *Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136; *Int'l Ass'n of Machinists & Aerospace Workers v. Goodrich Corp.*, 410 F.3d 204, 211-12 (5th Cir. 2005). Plaintiff has not sustained its burden here.

Defendant's Motion to Dismiss (Dkt. 3) is GRANTED, and Plaintiff's claims shall be dismissed.

**SO ORDERED.**
**SIGNED this 13th day of April, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE